JINGLIN JIANG, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2067–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

Bruno Joseph Bembi, Hempstead, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Petitioner Jinglin Jiang, a native and citizen of the People's Republic of China, seeks review of an April 26, 2007 order of the BIA affirming the September 7, 2005 decision of Immigration Judge ("IJ") Noel N. Brennan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinglin Jiang*, No. A97 661 055 (B.I.A. Apr. 26, 2007), *aff'g* No. A97 661 055 (Immig.Ct.N.Y.City, Sept. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision but rejects some of the IJ's reasoning, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA affirmed the IJ's decision on burden of proof grounds, but rejected the IJ's adverse credibility determination. Accordingly, we review the agency's finding that Jiang failed to meet his burden of proof, operating under the assumption that Jiang testified credibly. *See id.* We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Tao Jiang v. Gonzales*, 500 F.3d 137, 140 (2d Cir.2007).

Here, the agency reasonably determined that Jiang failed to meet his burden of proving that he suffered past persecution or that he had a well-founded fear of future persecution. Jiang is not *per se* eligible for asylum based on the forced abortion that was allegedly inflicted upon his wife, Chen, whom he married in a traditional Chinese wedding ceremony. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 299–300 (2d Cir.2007). While an asylum applicant may establish eligibility for asylum based on his "other resistance to a coercive population control program," he must also establish that he suffered harm amounting to persecution, or has a well-founded fear that he will be subjected to such harm, on account of that resistance. *See id.* at 313.

■ The agency did not err in concluding that Jiang failed to establish he had suffered harm amounting to persecution as a result of any resistance he offered to family-planning officials. Although Jiang testified that he was involved in physical confrontations with family-planning officials on two separate occasions, his only specific allegations regarding these incidents were that he was "[held] on one side and pressed down on the floor" when he attempted to interfere with Chen's arrest and assessed a fine which he refused to pay. Jiang did not claim that he suffered any injuries from these incidents or that he was detained as a result of them. These incidents do not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (finding that "persecution does not encompass mere harassment," and collecting cases); *cf. Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006) (finding that the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment occurs).

■ With respect to his fear of future persecution, the BIA correctly noted that Jiang testified that he feared he would be arrested for illegally interfering with the duties of the officials who attempted to collect the family-planning fine. He also testified that he would be forced to pay the fine. However, as the BIA observed, Jiang "offered no evidence that he was actually harmed or threatened by the [Chinese] government, or that the government currently seeks to harm him" on account of his alleged resistance to its coercive

population control policies. Even assuming that the issue of the fine had been properly exhausted before the BIA, Jiang's evidence showed that the fine was issued not because of any resistance he offered to his wife's arrest, but as a result of his wife's pregnancy. (JA 186). Jiang failed to demonstrate, moreover, that payment of the fine, even if compelled, would rise to the level of substantial economic disadvantage. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (noting that while economic deprivation may constitute persecution, an applicant must offer some proof that he suffered the "deliberate imposition of substantial economic disadvantage"). Thus, the agency did not err in concluding that Jiang did not show he had a well-founded fear of persecution on account of his "other resistance." *See Shi Liang Lin,* 494 F.3d at 314–15.

Accordingly, the agency reasonably determined that Jiang failed to meet his burden of proof with respect to his asylum claim. To the extent that his claims for withholding of removal and CAT relief were based on the same factual predicate, he necessarily failed to meet the higher burdens of proof required to prevail on these claims as well. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). Finally, Jiang has abandoned his CAT claim to the extent that it was based on his illegal departure from China and we may consider it waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.